## Rose v. Wigginton.

(Decided March 3, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1. Pleading—Failure of Petition for Personal Injuries to Allege Time Lost Not Ground for General Demurrer, but Only for Motion to Strike.—Failure of petition, in action for personal injuries, to state facts sufficient to warrant recovery for time lost is not ground for general demurrer, but only for motion to strike out such portion of petition.

2. Appeal and Error—Overruling of Demurrer to Petition Not Prejudicial where Petition Made Good by Amendment Before Trial.— Overruling of demurrer to petition, in action for personal injuries, on ground that it did not state facts sufficient to warrant recovery for time lost was not prejudicial to defendant, where petition was made good by amendment before trial.

3. Damages—$3,325 for Breaking of Both Legs of Furniture Mover, Causing Intense Suffering and Resulting in Impairment of One Leg and of Earning Capacity, Held Not Excessive.—Verdict of $5,250 which after deducting damages to truck, time lost, and

doctor and medical bills, left $3,325 for personal injuries, consisting of breaking of both legs, resulting in right leg being one-fourth permanently disabled and causing plaintiff intense suffering and interfering with his occupation as furniture mover, held not excessive.

WM. M. DUFFY and A. J. BIZOT for appellant.

GILBERT BURNETT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Alfort H. Wigginton was a hauler and mover of furniture in Louisville, Kentucky. He operated a motor truck in his business. On December 4, 1922, a little after 6:00 p. m. he had loaded his truck in front of a house in St. Catherine street and went to the front of the car to get his coat and put it on while another man was cranking the truck preparatory to starting. Just as he was doing this D. B. G. Rose, operating an electric motor car, came up St. Catherine street behind him and ran into him, mashing him against his truck, breaking both his legs and otherwise painfully injuring him. He brought this suit against Rose to recover for his injury. On the trial he recovered a judgment for $5,250.00. Rose appeals.

Only two grounds for reversal are relied on: 1. The defendant's demurrer to the plaintiff's petition should have been sustained; 2, the verdict for $5,250.00 is excessive.

1. The only defect in the petition assigned is that it did not state facts sufficient to warrant a recovery for time lost. But if the allegations of the petition were defective as to time lost, this would not be ground for a general demurrer to the petition. It would only be ground for a motion to strike out this part of the petition. And as a matter of fact, before the trial of the case the plaintiff amended his petition and alleged specifically how much time he had lost and the value of the lost time. This made the petition good and the rights of the defendant were in nowise prejudiced in this matter.

2. The proof shows that the plaintiff's actual losses were in round numbers as follows: Damages to his truck, $400.00; time lost, $1,200.00; physician's bill and other expenses, $325.00. This would only leave $3,325.00 for his personal suffering and the impairment of his power

to earn money. He suffered intensely for months after the injury and was still suffering at the time of the trial. The proof showed that the left leg was good at the time of the trial, but the weight of the evidence shows that both bones of the right leg were broken between the knee and the ankle; that the large bone was not only broken but crushed and the smaller bone was sticking in the flesh. A successful operation was performed and as good results were obtained as could be reasonably expected, but necessarily such an injury would cause intense suffering. In addition to this the weight of the evidence is to the effect that the right leg will only be three-fourths good hereafter, that is, that the plaintiff has sustained a one-fourth permanent disability in his right leg. This is a serious matter to a man whose occupation is hauling and moving furniture, for necessarily he has much lifting to do and needs in such a business two good legs. Under all the evidence we cannot say that the verdict of the jury is excessive.

Judgment affirmed.